# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

JOSE A. FERNANDEZ,

                                                Case No.:

     Plaintiff,

-vs-

DIRECTV, LLC,
I.C. SYSTEM, INC.,
and EQUIFAX, INC.,

      Defendants.

_____/

## COMPLAINT
## JURY DEMAND

Plaintiff, Jose A. Fernandez (hereinafter "Plaintiff"), alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. (hereinafter "FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA")*,* and the Florida Consumer Collection Practices Act § 559.55 *et seq*. (hereinafter "FCCPA") and states the following in support thereof:

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction under 15 U.S.C. §1692k and 28 U.S.C. § 1331 because this action arises out of a federal statute. This Court has supplemental jurisdiction over the state claims under 28 U.S.C. § 1367.

2.     The Court has personal jurisdiction because Defendants' conduct business throughout the United States, including Florida. Further, Defendants' voluntary contact with Plaintiff to charge, report, and attempt to collect a debt in Florida made it foreseeable that they would be haled into a Florida court. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

3.      Venue is proper because the alleged acts and transactions complained of occurred here and the Defendants transact and/or conduct business here.

## PARTIES

4.      Plaintiff is a natural person and, at all times relevant to this action, was a resident of Miami-Dade County, Florida.

5.      Defendant, Directv, LLC (hereinafter "Directv"), is a foreign corporation with its principal place of business located at 2260 East Imperial Highway, El Segundo, CA 90245.

6.      Defendant, I.C. System, Inc. (hereinafter "I.C."), is a foreign corporation with its principle place of business located at 444 Highway 96 East, St. Paul, MN 555127.

7.      Defendant, Equifax, Inc. (hereinafter "Equifax"), is a foreign limited liability company with its principal place of business located at 1550 Peachtree Street, NW H-46, Atlanta, GA 30309.

## LEGAL BACKGROUND

**I. FAIR CREDIT REPORTING ACT**

8.      "Congress enacted the FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52, 127 S. Ct. 2201, 2205 (2007) (citations omitted).

9.      Congress found that "[i]naccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681(a)(1)

10.     Congress also found that "[c]onsumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers" and that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15

U.S.C. §§ 1681(a)(3), (4).

11.     To further the FCRA's purpose, Congress requires "consumer reporting agencies [to] adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b).

12.     "The aim of the Fair Credit Reporting Act is to see that the credit reporting system serves the consumer as well as the industry. The consumer has a right to information which is accurate; he has a right to correct inaccurate or misleading information; he has a right to know when inaccurate information is entered into his file; he has a right to see that the information is kept confidential and is used for the purpose for which it is collected; and he has a right to be free from unwarranted invasions of his personal privacy. The Fair Credit Reporting Act seeks to secure these rights." *Hearings on S. 823 Before the Subcomm. on Financial Institutions of the S. Comm. on Banking and Currency*, 91st Cong. 2 (1969).

13.     The FCRA requires credit reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of consumer reports." 15 U.S.C. § 1681e(b).

14.     If a consumer disputes information contained in his or her credit report, the FCRA requires a credit reporting agency to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." 15 U.S.C. § 1681i(a)(1)(A).

15.     In performing the reinvestigation, the FCRA requires a credit reporting agency

to "review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information." 15 U.S.C. § 1681i(a)(4).

16.     If the disputed information is inaccurate or incomplete or cannot be verified, the consumer reporting agency "shall (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer." 15 U.S.C. §§ 1681(a)(5)(A)(i), (ii).

17.     The FCRA provides a private right of action against any person that violates its provisions. 15 U.S.C. §§ 1681o, 1691n.

18.     If the violation is negligent, the FCRA allows the consumer to recover actual damages; however, if the violation is willful, the consumer may recover any actual damages or statutory damages of not less than $100.00 and not more than $1,000. 15 U.S.C. § 1681n(a).

## II.  FAIR DEBT COLLECTION PRACTICES ACT

19.     The purpose of the FDCPA is "to eliminate abusive debt collection practices . . . and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692.

20.     The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes the false representation of "the character, amount, or legal status of any debt." *Id.* § 1692e.

21.     The FDCPA also prohibits debt collectors from "unfair or unconscionable means to collect or attempt to collect any debt," including "the collection of any amount unless

such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* § 1692f.

22.     The FDCPA creates a private right of action under 15 U.S.C. § 1692k.

23.     The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." *Id.* § 1692a(3).

24.     The FDCPA defines "debt collector" as "any person who uses . . . any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debt owed . . . or asserted to be owed or due another." *Id.* § 1692a(6).

25.     The FDCPA defines communication as "conveying of information regarding a debt directly or indirectly to any person through any medium." *Id.* § 1692a(2).

26.     The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . [that] are primarily for personal, family, or household purposes." *Id.* § 1692a(5).

### III.  FLORIDA CONSUMER COLLECTION PRACTICES ACT

27.     The FCCPA provides that "[n]othing in this part shall be construed to limit or restrict the continued applicability of the federal Fair Debt Collection Practices Act 16 U.S.C. § 1692 *et seq.* to consumer collection practices in this state. This part is in addition to the requirements and regulations of the federal act. In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." Fla. Stat. § 559.552.

28.     Consumer protection statutes such as the FCCPA are to be liberally construed in favor of the public. *See Samara Dev. Corp. v. Marlow*, 556 So. 2d 1097, 1100 (Fla. 1990).

29.     The FCCPA prohibits debt collectors from engaging in certain abusive practices

5

in the collection of consumer debts. *See generally* Fla. Stat. §559.72.

30.    The FCCPA's goal is to "provide the consumer with the most protection possible." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010) (*citing* Fla. Stat. § 559.552).

31.    Specifically, the FCCPA states that no person shall "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9).

32.    The FCCPA creates a private right of action under Fla. Stat. §559.77.

33.    The FCCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." Fla. Stat. § 559.55(8).

34.    The FCCPA mandates that "no person" shall engage in certain practices in collecting consumer debt. Fla. Stat. § 559.72. This language includes all allegedly unlawful attempts at collecting consumer claims. *Williams v. Streeps Music Co.*, 333 So. 2d 65, 67 (Fla. Dist. Ct. App. 1976).

35.    The FCCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." Fla. Stat. § 559.55(6).

## FACTUAL BACKGROUND

36.    In or about January of 2016, Plaintiff discovered that Directv had placed a negative trade-line on his credit reports.

37.    The negative entry concerned Plaintiff as he has never had service or an account

6

with Directv.

38.     Upon discovery of the negative trade-line, Plaintiff immediately disputed the entry with the credit report provider and Directv.

39.     After several attempts by Plaintiff to have the negative Directv trade-line corrected, it was eventually removed from his credit reports.

40.     At all times relevant herein, Directv entered into an agreement(s) with I.C. in order to collect debts allegedly owed to Directv by consumers.

41.     At all times relevant herein, Directv was acting by and though its agents, servants and/or employees, each of which were acting within the course and scope of their agency or employment, and under the direct supervision and control of Directv.

42.     On or about January 11, 2017, I.C. sent Plaintiff a demand letter attempting to collect a debt allegedly owed to Directv.

43.     Soon thereafter, Plaintiff discovered that I.C. was reporting a negative account on his credit report regarding the subject Directv account.

44.     Plaintiff then disputed the negative entry with Equifax and explained that the account was being improperly reported.

45.      Equifax continued to report the negative account, despite knowing that Plaintiff did not owe the alleged debt.

46.     Plaintiff is now "locked out" of the credit market because of the erroneous information and he cannot obtain credit on the most favorable terms as a result.

47.     Plaintiff requested verification and deletion of the negative account; however, Equifax never evaluated or considered the Plaintiff's information, claims or evidence, and did not make any attempt to substantiate or verify the accuracy of the trade-line.

## COUNT I
## Violation of 15 U.S.C. § 1681e(b) by Equifax

48.     Plaintiff incorporates paragraphs 1 through 47 herein.

49.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

50.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f) because it is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties and disburses consumer reports under contract for monetary compensation.

51.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

52.     Because of Equifax's violation, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the statutory right to accurate credit information, mental and emotional pain, humiliation, and embarrassment of credit denials.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Equifax for actual damages, statutory damages, attorney's fees, litigation expenses and costs of suit, and such other or further relief as the Court deems proper.

## COUNT II
## Violation of 15 U.S.C. § 1681i by Equifax

53.     Plaintiff incorporates paragraphs 1 through 47 herein.

54.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

55.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f) because it is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third

parties and disburses consumer reports under contract for monetary compensation.

56.     Plaintiff sent, and Equifax received, a written dispute of the negative credit entry on Plaintiff's credit report.

57.     After receiving the dispute, Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to furnishers; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

58.     Because of Equifax's violation, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the statutory right to accurate credit information, mental and emotional pain, humiliation, and embarrassment of credit denials.

<u>**COUNT III**</u>
<u>**Violation of 15 U.S.C. § 1681s-2(b) by Directv**</u>

59.     Plaintiff incorporates paragraphs 1 through 47 herein.

60.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

61.     Directv is a "furnisher" under the FCRA because it provides information concerning consumers to credit reporting agencies.

62.     Directv, violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of the negative account; by failing to review all relevant information regarding the negative account and by failing to accurately respond to the dispute forwarded by Equifax concerning the negative account.

63.     Because of Directv's violation, Plaintiff suffered damage by loss of credit; loss

of the ability to purchase and benefit from credit; the statutory right to accurate credit information, stress, humiliation, and embarrassment of credit denials.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Directv for actual damages, statutory damages, attorney's fees, litigation expenses and costs of suit, and such other or further relief as the Court deems proper.

## COUNT IV
## Violation of 15 U.S.C. § 1681s-2(b) by I.C.

64. Plaintiff incorporates paragraphs 1 through 47 herein.

65. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

66. I.C. is a "furnisher" under the FCRA because it provides information concerning consumers to credit reporting agencies.

67. I.C. violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of the negative account; by failing to review all relevant information regarding the negative account and by failing to accurately respond to the dispute forwarded by Equifax concerning the negative account.

68. Because of I.C.'s violation, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; the statutory right to accurate credit information, mental and emotional pain, humiliation, and embarrassment of credit denials.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against I.C. for actual damages, statutory damages, attorney's fees, litigation expenses and costs of suit, and such other or further relief as the Court deems proper.

## COUNT V
## Violation of 15 U.S.C. § 1692e by I.C.

69. Plaintiff incorporates paragraphs 1 through 47 herein.

70.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because he is allegedly obligated to pay the debt that is the subject of this action.

71.     I.C. is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

72.     I.C. attempted to collect a "consumer debt" as defined by 15 U.S.C. § 1692a(5) from Plaintiff.

73.     I.C. engaged in unlawful and deceptive acts in connection with the collection of a debt, in violation of 15 U.S.C. §1692e, by sending Plaintiff a demand letter in an attempt to collect a debt from Plaintiff when Plaintiff did not owe the debt.

74.     Further, I.C. violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of a debt, by sending Plaintiff a demand letter in an attempt to collect a debt from Plaintiff when Plaintiff did not owe the debt.

75.     Because of I.C.'s FDCPA violation, Plaintiff suffered damage, including but not limited to the misrepresentation of an amount to a third party, an inaccurate credit report, emotional and physical distress, prevention of his statutory right to accurate information concerning the alleged debt, and financial damage in having to dispute the accuracy of the alleged debt.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against I.C. for actual damages, statutory damages, injunctive relief, attorney's fees, litigation expenses and costs of suit, and such other or further relief as the Court deems proper.

## COUNT VI
## Violation of 15 U.S.C. § 1692f by I.C.

76.     Plaintiff incorporates paragraphs 1 through 47 herein.

77.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because he is allegedly obligated to pay the debt that is the subject of the instant action.

78.     I.C. is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

79.     I.C. attempted to collect a "consumer debt" as defined by 15 U.S.C. § 1692a(5) from Plaintiff.

80.     I.C. engaged in unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f, by sending Plaintiff a demand letter in an attempt to collect a debt from Plaintiff when Plaintiff did not owe the alleged debt.

81.     Further, I.C. violated 15 U.S.C. § 1692f(1) by attempting to collect monies from Plaintiff not expressly authorized by the agreement that created the debt.

82.     Because of I.C.'s FDCPA violation, Plaintiff suffered damage, including but not limited to the misrepresentation of an amount to a third party, an inaccurate credit report, emotional and physical distress, prevention of his statutory right to accurate information concerning the alleged debt, and financial damage in having to dispute the accuracy of the alleged debt.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against I.C. for actual damages, statutory damages, injunctive relief, attorney's fees, litigation expenses and costs of suit, and such other or further relief as the Court deems proper.

## COUNT VII
### Violation of Fla. Stat. § 559.55 by I.C.

83.     Plaintiff incorporates paragraphs 1 through 47 herein.

84.     Plaintiff is a "consumer" as defined by Florida Statute § 559.55(8) because he is a natural person allegedly obligated to pay the debt that is the subject of the instant action.

85.     I.C. is a "debt collector" and/or "person" as defined under the FCCPA because it attempted to collect a consumer debt from Plaintiff.

86.     I.C. attempted to collect a "consumer debt" from Plaintiff as defined by Florida Statute § 559.55(6) because Plaintiff was allegedly obligated to pay a debt for the purchase of a home for personal, family, or household purposes.

87.     I.C. knew it was not entitled to collect the alleged debt because Plaintiff disputed the alleged debt.

88.     Nonetheless, I.C. attempted to enforce, claimed, and asserted a known non-existent legal right to a debt as defined by Florida Statute § 559.55(6) when it communicated directly with Plaintiff demanding payment for a debt to which it was not entitled to collect. Fla. Stat. § 559.72(9).

89.     Because of I.C.'s FCCPA violation, Plaintiff suffered damage, including but not limited to the misrepresentation of an amount to a third party, an inaccurate credit report, emotional and physical distress, prevention of his statutory right to accurate information concerning the alleged debt, and financial damage in having to dispute the accuracy of the alleged debt.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against I.C. for actual damages, statutory damages, injunctive relief, attorney's fees, litigation expenses and costs of suit, and such other or further relief as the Court deems proper.

## COUNT VIII
## Violation of Fla. Stat. § 559.55 by Directv

90.     Plaintiff incorporates paragraphs 1 through 47 herein.

91.     Plaintiff is a "consumer" as defined by Florida Statute § 559.55(8) because he is a natural person allegedly obligated to pay a debt.

92.     Directv is a "person" as defined under the FCCPA. *See Williams v. Streeps Music Co.*, 333 So. 2d 65, 67 (Fla. Dist. Ct. App. 1976).

13

93.     Directv, through its agents, attempted to collect a "consumer debt" from Plaintiff as defined by Florida Statute § 559.55(6) because Plaintiff was allegedly obligated to pay a debt for the purchase of services for personal, family, or household purposes.

94.     Directv knew it was not entitled to collect the alleged debt because Plaintiff disputed the alleged debt.

95.     Nonetheless, Directv, through its agent, attempted to enforce, claimed, and asserted a known non-existent legal right to a debt as defined by Florida Statute § 559.55(6) when it communicated indirectly with Plaintiff demanding payment for a debt to which it was not entitled to collect. Fla. Stat. § 559.72(9).

96.     Because of Directv's FCCPA violation, Plaintiff suffered substantial damage, including but not limited to the misrepresentation of an amount to a third party, an inaccurate credit report, emotional and physical distress, prevention of his statutory right to accurate information concerning the alleged debt, and financial damage in having to dispute the accuracy of the alleged debt.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Directv for actual damages, statutory damages, injunctive relief, attorney's fees, litigation expenses and costs of suit, and such other or further relief as the Court deems proper.

## JURY TRIAL DEMAND AND RESERVATION OF PUNITIVE DAMAGES

Plaintiff respectfully requests trial by jury. Plaintiff reserves the right to amend his Complaint and add a claim for punitive damages.

Respectfully Submitted,

By: /s/ Christopher W. Legg
Christopher W. Legg, Esq.
Fla. Bar No.: 44460

Matthew Buchwald, Esq.
Fla. Bar No.: 23112

BUCHWALD LEGG, PLLC
3837 Hollywood Blvd., Ste. B
Hollywood, FL 33021
Office: 954-962-2333
Chris@theconsumerlawyers.com
Matt@theconsumerlawyers.com

*Attorneys for Plaintiff*